FILED
2026 Nov-24 AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

**VITAL CARE INFUSION SERVICES LLC,**
Plaintiff,

**v.**

**MEDLIFE INFUSION NURSING LLC *et al.*,**
Defendants.

**Case No. 1:26-cv-1459-CLM**

**MEMORANDUM OPINION**

In this trade secrets case, Defendants Medlife Infusion Nursing, LLC, Wesley Duckworth, and Christopher Palmedo (collectively "Medlife") move to compel arbitration and for a stay pending arbitration. (Doc. 15). Plaintiff Vital Care Infusion Services LLC agrees that the dispute should go to arbitration. (Doc. 20, p. 12). Yet Vital Care argues that the issue of preliminary injunctive relief should remain in court. Vital Care argues that a district court retains subject matter jurisdiction to issue preliminary injunctive relief while a case is in arbitration. While that may be true, it's not a license for the court to override the contract's plain terms. Because the contract calls for "any" dispute to be arbitrated without exception for injunctive relief, the court **GRANTS** Medlife's motion to compel arbitration and **STAYS** all proceedings pending arbitration (doc. 15).

## BACKGROUND

### A. Factual Background

Vital Care Infusion Services provides infusion therapy to patients with acute and chronic conditions through its network of pharmacies. Vital Care Infusion Services wholly owns and manages its subsidiary, Vital Care

Franchisor, LLC. Vital Care Franchisor enters franchise agreements with franchisee infusion therapy pharmacies and receives royalty fees as a percentage of the franchisees' gross revenue.

Defendant Medlife is an infusion nurse staffing agency—it supplies nurses to administer infusion services at the pharmacies. And Medlife provides nurses to two of Vital Care's franchisee pharmacies: (1) Show Me State Infusion Pharmacy, LLC of Kansas City; and (2) Dang Home Infusion Pharmacy, LLC of Peoria, Illinois.

Vital Care's claims concern Staffing Agreements between those two franchisee pharmacies and Medlife. Both contracts contain confidentiality provisions and arbitration provisions. Vital Care claims that Medlife breached the confidentiality provisions because Medlife officers attempted to lure patients away from the franchisee pharmacies. Medlife officers (Duckworth and Palmedo) contacted its nurses that worked at the two franchisee pharmacies, asking the nurses to get their patients to follow them to different pharmacies. And Vital Care further claims that Medlife targeted highly profitable patients who receive immune globulin and intravenous immunoglobulin therapies. The patient details, diagnoses, and treatment protocols are a trade secret that Medlife was bound to keep confidential, Vital Care claims.

Vital Care claims that these actions constituted: (i) misappropriation of trade secrets under the Defend Trade Secrets Act and state law; (ii) breach of the confidentiality provisions in the Staffing Agreements between Medlife and the two franchisee pharmacies.

### B. Procedural Background

Vital Care initially sought a TRO and a preliminary injunction against Medlife. The court denied the TRO and withheld ruling on the preliminary injunction until Medlife appeared in the case. (Doc. 7). Then Vital Care moved for expedited discovery—again before Medlife appeared—intending to use the discovery at the preliminary injunction hearing. (Doc. 13). The court denied Vital Care's motion without prejudice. (Doc. 14). Since then, Medlife has moved

to compel arbitration and stay this action pending arbitration. (Doc. 15). The arbitration agreement at issue provides the following in relevant part:

> The American Arbitration Association (AAA) will resolve any controversy or dispute between the Parties arising out of this Agreement by arbitration under the Federal Arbitration Act at the AAA location closest to Agency's office.

(*Id.*, p. 6).

**STANDARD OF REVIEW**

In ruling on a motion to compel arbitration, this court applies a standard like the standard of review applied to rule on a motion for summary judgment. *See In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (describing an order compelling arbitration as "summary-judgment-like" because it is "in effect a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate").

A motion for summary judgment should be granted if "no genuine dispute as to any material fact" remains in the action and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material "if, under the applicable substantive law, it might affect the outcome of the case." *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). A genuine dispute as to a material fact exists where "the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Looney v. Moore*, 886 F.3d 1058, 1062 (11th Cir. 2018).

**DISCUSSION**

This case presents three questions: (1) Who decides whether Vital Care's claims are subject to arbitration: this court or the AAA? (2) Are Vital Care's claims subject to arbitration? (3) Can the court grant preliminary injunctive relief even though Vital Care's claims are subject to arbitration?

## I. Who decides whether the dispute is subject to arbitration?

The first question is whether this court or the arbitrator should decide whether Vital Care's claims are subject to arbitration.[1] *See Henry Schein, Inc. v. Archer and White Sales, Inc.*, 586 U.S. 63, 68 (2019) (explaining that this is a "threshold" issue). Courts presumptively decide this question, "[u]nless the parties clearly and unmistakably provide otherwise." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986). The court must "turn to the language in the parties' agreement to determine whether anything in it clearly and unmistakably evinces a shared intent to overcome that presumption." *JPay, Inc. v. Kobel*, 904 F.3d 923, 936 (11th Cir. 2018). One way that the parties can overcome that presumption is to expressly incorporate the AAA's rules into the agreement. *Id.* at 937. In other words, incorporation of the AAA's rules delegates the arbitrability question to the arbitrator. *Id.*

The parties did not incorporate the AAA's rules here. The arbitration provision does not expressly incorporate the AAA's rules. It declares only that the AAA is the arbitrating body that will decide the dispute. So absent reference to the AAA's rules, there is nothing that overcomes the presumption that the court should decide the arbitrability question.

Medlife's contrary argument is unconvincing. Medlife argues that the contract automatically incorporates the AAA rules because it identifies the AAA as the arbitrating body. (Doc. 15, pp. 15–16). But that's not what the Eleventh Circuit cases say. Rather, the contract must clearly and unmistakably delegate the arbitrability question. And to do so, the contract must expressly reference the AAA's "rules." *See JPay*, 904 F.3d at 937 (collecting cases). The arbitration provision does not do so here.

As a result, the court must decide whether Vital Care's claims are subject to arbitration.

---

[1] The parties do not dispute that the FAA applies to this case. There is a written arbitration agreement, and it's part of a transaction involving interstate commerce. *See* 9 U.S.C. §§ 1–2.

## II. Are Vital Care's claims subject to arbitration?

The next question is whether Vital Care's claims are subject to arbitration. Vital Care concedes that all claims except Count I are subject to arbitration. (Doc. 20, p. 12) ("Vital Care respectfully requests that the Court grant Defendants' Motion to Compel Arbitration as to the substantive claims (Claims II–IV)."). But Count I is not actually a standalone cause of action because it is a "request for preliminary injunction." (Doc. 1, p. 10). "Injunctive relief is not properly pled as a separate cause of action, but is available only as a part of the relief granted if a plaintiff prevails on a substantive cause of action." *Davis v. Bank of Am., N.A.*, 2014 WL 5090692, at *14 (N.D. Ala. Oct. 9, 2014) (citing *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004)). Accordingly, every cause of action is subject to arbitration.

## III. Can the court grant preliminary injunctive relief even though Vital Care's claims are subject to arbitration?

It seems like this case could end at Section II. But Vital Care's argument is more complicated. Vital Care argues that "district courts retain jurisdiction to grant preliminary injunctive relief on arbitral claims if interim relief is necessary to preserve the status quo." (Doc. 20, p. 5). The Eleventh Circuit has not addressed this issue. But Vital Care is correct that most courts addressing the issue have held that the FAA "does not deprive the district court of the authority to grant interim relief in an arbitrable dispute." *See Ortho Pharm. Corp. v. Amgen, Inc.*, 882 F.2d 806, 811 (3d Cir. 1989); *but see Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hovey*, 726 F.2d 1286, 1291 (8th Cir. 1984) ("[W]here the Arbitration Act is applicable and no qualifying contractual language has been alleged, the district court errs in granting injunctive relief."). Here's the textual argument for the majority rule, as made by the Fourth Circuit:

> Section 3 does not contain a clear command abrogating the equitable power of district courts to enter preliminary injunctions to preserve the status quo pending arbitration. Instead, § 3 states only that the court shall stay the "trial of the action"; it does not mention preliminary injunctions or other pre-trial proceedings.

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bradley*, 756 F.2d 1048, 1052 (4th Cir. 1985). That's a plausible reading of the statute. Even so, it does not mean that the court *must* entertain Vital Care's preliminary injunction motion. Doing so here would ignore the contract's plain terms. The court will not override what the contract says just because § 3 *permits* the court to issue a preliminary injunction.

So below, the court explains why the contract's plain terms include preliminary injunctive relief within the scope of arbitration. Then the court explains why the majority position on § 3 just means that the *mandatory* stay is inapplicable to preliminary injunctive relief.

### A. The contract makes no exceptions for injunctive relief.

Vital Care agrees that it contracted to send all "the substantive claims" at issue here to arbitration. (Doc. 20, p. 12). And as explained above, that means every claim. Yet Vital Care seeks to make an exception for a specific *remedy* for those claims, even though a "remedy" exception does not appear in the contract.

"Because parties are free to structure their arbitration agreements as they see fit, 'they may limit by contract the issues which they will arbitrate.'" *Am. Express Fin. Advisors, Inc. v. Makarewicz*, 122 F.3d 936, 940 (11th Cir. 1997) (quoting *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989)). And the availability of judicial preliminary relief is an issue that the parties can contractually choose to keep in or out of arbitration. In *Makarewiccz*, the court addressed the following arbitration provision:

> If a dispute involving this Agreement is submitted for arbitration under the Code of Arbitration Procedure of the National Association of Securities Dealers or otherwise, you agree that [American Express] is entitled to an injunction from a court of competent jurisdiction to keep you from violating these restrictions while the arbitration is pending.

122 F.3d at 940 (highlight added). The Eleventh Circuit held that the district court incorrectly referred the issue of injunctive relief to the arbitrator because

the contract clearly allowed a court to issue such relief. *See id.* In other words, the availability of judicial preliminary relief is something that the parties can contract for.

Turning to the contract here, the parties contracted for the arbitrator to "resolve *any* controversy or dispute between the Parties arising out of this Agreement by arbitration." (Doc. 15, p. 6) (emphasis added). While that's not as explicit as the provision in *Makarewicz*, the sweeping nature of the phrase "any controversy or dispute" includes injunctive relief according to the rules governing the scope of arbitration agreements under the FAA.

"Under the [FAA], arbitration is a matter of contract, and courts must enforce arbitration contracts according to their terms." *Henry Schein*, 586 U.S. at 67. The FAA "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). If "a contract is ambiguous or silent on the parties' intent to arbitrate a <u>particular</u> question, we work from a set of default presumptions, laid out by the Supreme Court, which help us determine what the contracting parties intended." *JPay*, 904 F.3d at 929 (emphasis in original). One of those default presumptions is that "doubts over whether an issue falls within the ambit of what the parties agreed to arbitrate 'should be resolved in favor of arbitration.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). In other words, courts "assume [the parties'] intent to arbitrate anything not *specifically excluded*." *Id.* (emphasis added).

The contract here does not exclude injunctive relief as an issue for the court to decide. It does not exclude any issues. It says "any" dispute will be resolved by the arbitrator. "Any disputes means all disputes, because 'any means all.'" *Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1028 (11th Cir. 2003) (quoting *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1186 (11th Cir. 1997)). So whether Vital Care's claims merit interim relief is an "issue[] as to which an arbitration agreement has been signed" because the arbitration agreement covers all disputes without exception. *Dean Witter*, 470 U.S. at 218.

The court cannot write in an injunctive relief carve-out where none exists. Below are examples of what these carve outs typically look like:

> In the event that any controversy or claim (excepting claims as to which party may be entitled to equitable relief) arising out of this Agreement cannot be settled by the parties hereto, such controversy or claim shall be settled by arbitration in accordance with the then current commercial rules of arbitration of the American Arbitration Association.

*WasteCare Corp. v. Harmony Enters., Inc.*, 822 Fed. Appx. 892, 894 (11th Cir. 2020) (highlight added).

> *Disputes*. This Agreement shall be governed by the laws of the State of North Carolina. Any dispute arising under or related to this Agreement (except for actions seeking injunctive relief and disputes related to trademarks, trade secrets, or other intellectual property of [Schein] ), shall be resolved by binding arbitration in accordance with the arbitration rules of the American Arbitration Association [ (AAA) ]. The place of arbitration shall be in Charlotte, North Carolina.

*Henry Schein*, 586 U.S. at 66 (highlight added).

In short, the contract calls for an arbitrator to decide the issue of injunctive relief.

### B. Section 3 does not prevent the court from issuing a stay.

Section 3 does not prevent the court from extending a stay to preliminary injunction proceedings. The majority position means only that § 3's *mandatory* stay does not apply to preliminary injunctive relief. But § 3 does not prevent the court in all circumstances from issuing a stay on preliminary injunction proceedings. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

So the default rule is that a court may stay a case "as a matter of its discretion." *Moses H. Cone*, 460 U.S. at 20 n.23. As a result, the best reading of § 3's "trial of the action" language under the majority's view is that it just alters

the default rule. For arbitrable issues other than preliminary relief, the district court *must* stay proceedings and cannot exercise discretion. For preliminary relief, the court retains discretion and it may or may not stay the proceedings depending on what the contract says. *See Variable Annuity Life Ins. Co. v. Laferrera*, 680 Fed. Appx. 880, 886 (11th Cir. 2017) (explaining that "stays under § 3 do not *preclude* courts from granting the injunctive relief provided for in an agreement to arbitrate") (emphasis added).

The Eleventh Circuit has recognized courts' discretionary authority to stay claims in the arbitration context specifically. "When confronted with litigants advancing both arbitrable and nonarbitrable claims . . . courts have discretion to stay nonarbitrable claims." *Klay v. All Defendants*, 389 F.3d 1191, 1204 (11th Cir. 2004). Courts may "refuse to stay proceedings of nonarbitrable claims when it is feasible to proceed with the litigation." *Id.* "Crucial to this determination is whether arbitrable claims predominate or whether the outcome of the nonarbitrable claims will depend upon the arbitrator's decision." *Id.*

The facts here don't fall within the *Klay* scenario, but the point is that the district court still retains discretion to stay claims outside of § 3's mandatory stay. And this case warrants such a stay because injunctive relief falls within the scope of the arbitration clause, as discussed above.

—

For those reasons, the court grants Medlife's motion to compel and stays all proceedings. Section 3 commands this result for Vital Care's claims as it relates to non-injunctive relief. No binding Eleventh Circuit case addresses whether § 3 commands the same result for injunctive relief. So the court chooses to stay all proceedings (including injunctive relief) under its inherent discretionary authority because the parties agreed that an arbitrator would decide the issue of injunctive relief. *See Landis*, 299 U.S. at 255.

## CONCLUSION

For those reasons, the court **GRANTS** Medlife's motion to compel and **STAYS** all proceedings pending arbitration (doc. 15).

**DONE** and **ORDERED** on November 24, 2026.

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE